Labatjve, J.
The plaintiff is the owner of the lot and house No. 8, and Philip Avegno, of lot and house adjoining, No. 10, on Toulouse street.
Plaintiff claims to have been, him and his vendors, in possession for nearly ten years, of his said lot and house and appurtenances thereunto belonging, and of servitudes or rights of passage, and of drain through the adjoining lot of Philip Avegno, and also of the servitude or right of receiving hydrant-water through pipes extending over said lot' of' defendant, Avegno. On proper allegations, plaintiff obtained an injunction enjoining the defendant from closing the gutter, conducting the water from petitioner’s lot through defendant’s into the public street; and .also from destroying the pipes through which hydrant-water is communicated into petitioner’s lot.
Plaintiff prays accordingly, and for damages.
The defendant, Philip Avegno, answered by a general denial, and that his ancestor, having been at one and the same time, the owner of the premises of both plaintiff and respondent aforesaid, temporarily constructed a water-pipe, conveying hydrant-water through the premises, now owned by respondent, No. 10 Toulouse street, which pipe is the property of respondent.
The answer concludes by praying for judgment, and damages in reconvention.
By consent of counsel of both parties, the writ, as regards the other defendant, Pierre Pujol, was dismissed.
Judgment was rendered in favor of Philip Avegno, and the defendant appealed.
The plaintiff does not pretend to have any title to the alleged servitude, but he claims it as having been possessed by him and his vendor for nearly ten years, and he calls' this suit a possessory action'.
On the trial of the case below, defendant, Avegno, offered to prove verbal declarations, said to have been made by plaintiff in the presence of. Numa Avegno and Philip Avegno, the defendant, in relation to said servitude; plaintiff objected, on the ground that said evidence was irrelevent, inasmuch as the testimony would tend to destroy title to real property. The Court properly overruled the objection, and admitted the evidence. Possession is a matter of fact, which can be established only by parol evidence, and the defendant had the right to rebut plaintiff’s evidence by the same hind of proof.
The defendant also offered Numa Avegno as a witness. Plaintiff objected, on the ground that the witness, being the plaintiff’s vendor and warrantor of the rights of servitude claimed, was interested in the result of the suit. The Court properly overruled the objection, and admitted the witness. The witness’ interest was the other way; for if he had sold *340 the servitude, his interest was to show that it existed, and he was called to prove there was none, thereby rendering himself responsible to the plaintiff in damages, if it were so.
This case involves none but questions of fact, and having carefully examined the evidence, we are of opinion that plaintiff has failed to show clearly the possession and enjoyment of the servitude claimed, as required by Arts. 47 and 49 of the Code of Practice.
Nurna Avegno sold to plaintiff the lot in question, on the 11th November, 1865, and this suit was filed on the 18th August, 1866. The testimony of said Nurna Avegno, the vendor, shows that, while he possessed and owned this lot, this alleged servitude was precarious, and enjoyed by him at the will of defendant, Philip Avegno.
It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.